IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STEPHON HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKFORD POLICE DEPARTMENT,<br>ET AL.,<br><br>    Defendants. | Case No. 3:19-cv-50168<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephon Harris filed this action against a slew of defendants (23 in total) from the Rockford Police Department and the Winnebago County Sheriff's Department. He alleges constitutional violations, under 42 U.S.C. § 1983, against the individual defendants as well as a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978). Dkt. 93. Plaintiff's third-amended complaint describes two arrests; the first by the Winnebago County Sheriff's Department and the second by the City of Rockford Police Department. Furthermore, he alleges that the Rockford Police brought him to the Winnebago County Jail after the second arrest. Plaintiff alleges that these arrests were without probable cause and that he was subjected to violent physical abuses by the officers employed by both the City and the County.

Most of the defendants, including the Winnebago Sheriff's Department, have answered his third-amended complaint. Dkt. 103. But Defendants Sheriff Caruana, Lt. Egler, Sgt. Johnson, and Deputy Engberg filed this motion to dismiss. Dkt. 104. The sole argument in support of their motion is that Plaintiff's complaint fails to

allege any personal involvement on their part in the purported constitutional injury, which would put them on notice of the claims against them. Dkt. 104, ¶¶ 7–10, 15.

To defeat a motion to dismiss, the plaintiff must have alleged facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that a plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

Furthermore, although group pleading is permitted, each individual defendant is still entitled to notice regarding his or her personal role in the purported constitutional injury. If the allegations are based solely on undifferentiated allegations of "defendants," such that the complaint is based only on a theory of collective responsibility, then it must be dismissed. And including a claim of conspiracy does not cure this defect. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Layered upon that problem, Plaintiff does not explain which defendants are sued in their official capacity and which are sued in their individual capacity. That ambiguity does not kill Plaintiff's claim against the Sheriff. *See Davis v. City of Chi.*, 669 F. App'x 305, 306 (7th Cir. 2016). But regardless of which capacity the

Sheriff is sued under, Plaintiff's complaint is problematic. If the Sheriff is sued in his official capacity as the Sheriff and policymaker for the Winnebago County Jail, that would seemingly make the Sheriff's official capacity presence in this suit redundant because Plaintiff also sues the Winnebago County Sheriff's Department.[1] *See Krigbaum v. Sangamon Cnty. Ill. Sheriff's Dep't*, 2007 U.S. Dist. LEXIS 57051, at *15–18 (N.D. Ill. Aug. 6, 2007). On the other hand, if Plaintiff sues the Sheriff in his individual capacity, then he has failed to allege any personal involvement on the Sheriff's behalf. He does not allege that the Sheriff was present at the first arrest. He does not allege that the Sheriff was involved in the alleged abuses. Without more, any individual capacity claim against the Sheriff fails to put the Sheriff on notice of his purported personal involvement in any constitutional injury. That is fatal to any individual capacity claim.

The same can be said about Plaintiff's claims against Sgt. Johnson and Lt. Egler. Plaintiff does not make clear in what capacity they are sued. If they are sued in their official capacities, then their presence in the suit would again be redundant. Still, as they are not the Sheriff, the better inference is that Plaintiff means to sue them in their individual capacities. But again, Plaintiff has not included any—none, zero—factual allegations that would put them on notice of their personal involvement. They are not alleged to have been present when members of the Sheriff's Department arrested Plaintiff. And, although Plaintiff describes in detail

---

[1] The Sheriff's Department has not moved to dismiss it as not subject to suit under Section 1983.

<mark>3</mark>

the actions of other specific individuals, Defendants Johnson and Egler are not included in those allegations. That is not enough.

Plaintiff's complaint against Deputy Engberg, however, is sufficient, barely. Plaintiff alleges that she was one of the deputies present for his first arrest, which he asserts was unlawful. Although the complaint only alleges that she placed him in handcuffs, her presence is enough to state a claim that she failed to intervene as a bystander officer to prevent the purported constitutional violation. Seventh Circuit Pattern Jury Instructions § 7.22 (2017 ed.).

Therefore, the Defendants' motion to dismiss [104] is granted as to Defendants Sheriff Caruana, Lt. Egler, and Sgt. Johnson, and denied as to Defendant Deputy Engberg. Plaintiff is granted leave to amend by June 1, 2021, to cure the defects listed above. This is the last chance. Multiple amendments have already occurred. *Bank of Am.*, 725 F.3d at 818-19. If he does not amend by that date, the dismissals will be with prejudice.

Date: May 10, 2021

                                                  Honorable Iain D. Johnston
                                                  United States District Judge
                                                  Northern District of Illinois
                                                         Western Division