UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Stephon Harris, ) | |
|         Plaintiff, ) | |
| ) | No. 19 CV 50168 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| Rockford Police Department, *et al.*, ) | |
|         Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephon Harris alleges that the defendants violated his constitutional rights including conspiracy to do so, *see* 28 U.S.C. §§ 1983, 1985, and engaged in willful and wanton misconduct under state law during an incident in which he was arrested at his home. Two defendants—the Rockford Police Department and its chief, Dan O'Shea—have moved to dismiss the claims against them. Dkt. 153. The plaintiff had a chance to respond to the motion but never did, and so the Court rules without the benefit of his views. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

The following facts are based on the allegations of the Third Amended Complaint, which for purposes of resolving the motion to dismiss the Court accepts as being true. *See Landmark American Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). Based on a tip from a witness who had been following Mr. Harris, on July 23, 2017, various officers with the Winnebago County Sheriff's Department arrested him at a home on Meridian Road in Rockford for allegedly being involved in an accident involving injury or death. Compl. (Dkt. 93) ¶¶ 17, 24. They took him to Mercy Health Hospital to administer a DUI kit. *Id.* ¶ 24. Hospital staff involuntarily injected him with a tranquilizer and anti-psychotic medication. *Id.* ¶ 25. After being released from the hospital and transported to the Winnebago County Jail, defendant corrections officers threw him to the ground, dragged and beat him, and grabbed his genitals. *Id.* ¶ 42. His requests for medical attention were denied. *Id.* ¶ 44. He bonded out on July 25, 2017, and went to Rockford Memorial Hospital, which diagnosed him with a concussion and treated him for headaches, neck pain, and visible injuries. *Id.* ¶ 47.

The day after his release and based on another tip, various officers with the Rockford Police Department responded to his residence at Packard Court in Rockford and arrested him for allegedly beating his girlfriend. *Id.* ¶ 50. Officers handcuffed him, struck him in the gut, pinned him against a squad car, caused him to fall face down onto the ground and held him there, and then forced him into the squad car. *Id.* ¶ 55. Officers refused his request to be taken to a hospital for medical attention, and instead transported him to the Winnebago County Jail. *Id.* ¶¶ 59, 60. At the jail, corrections officers remembered him from the night before and beat him again. *Id.* ¶¶ 66-76. After the beating, Mr. Harris requested medical attention but was refused. *Id.* ¶¶ 77, 86.

Mr. Harris alleges that the defendants violated his rights under the Fourth Amendment by subjecting him to excessive force, failing to intervene to protect him from the other defendants, refusing him medical care, and knew of their own conduct and the conduct of others but were deliberately indifferent to the violations. He further alleges that they engaged in a conspiracy to violate his constitutional rights, that the Sheriff's Department maintained a policy, practice, or custom of violating constitutional rights, and that the defendants engaged in willful and wanton misconduct in violation of state law.

Defendants Rockford Police Department and police chief Dan O'Shea filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because the police department is not a suable entity, and because the complaint fails to describe any conduct by O'Shea and therefore does not plausibly suggest a right to relief against him. Magistrate Judge Jensen entered a briefing schedule on the motion to dismiss giving Mr. Harris to July 14, 2021, to respond, Dkt. 163, but he never did. As a result, the Court rules without the benefit of his views.

## ANALYSIS

### I.     Rockford Police Department

The Third Amended Complaint names as a defendant the Rockford Police Department, but not the City of Rockford. Dkt. 93. The Rockford Police Department is not a suable entity separate from the City of Rockford. *See Averhart v. City of Chicago*, 114 Fed. Appx. 246, 247 (7th Cir. 2004). During a status hearing Judge Jensen conducted on May 27, 2021, to discuss the motion to dismiss, defense counsel stated that the plaintiff could probably fix the issue in the amended complaint the plaintiff anticipated filing, *see* Recording of May 27, 2021, Status Hearing, presumably by substituting the City of Rockford. But the final deadline for that amended complaint was June 1, 2021, *see* Dkt. 148 at 4, the plaintiff never amended, and now the deadline has long since passed. The Rockford Police Department is not a suable entity, and so the motion to dismiss it is granted.

### II.    Dan O'Shea

To defeat a motion to dismiss, the plaintiff must have alleged facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that a plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009). Although some case suggest group pleading may be permitted in certain contexts, it is undisputed that each individual defendant is still entitled to notice regarding his or her personal role in the purported constitutional injury. *See Robles v. City of Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019). If the allegations are based solely on undifferentiated allegations of "defendants," such that the complaint is based only on a theory of collective responsibility, then it must be dismissed. Including a claim of conspiracy does not cure this defect. *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

The Third Amended Complaint never alleges that defendant O'Shea participated in either incident during which Mr. Harris was arrested, beaten, and denied requests for medical attention, or that he was ever present during any of that alleged conduct or had any basis for knowing it was occurring. The amended complaint alleges that he and eighteen other named defendants all "showed a reckless and/ deliberate indifference to their own and/or each others' violations of Plaintiff's rights, caused the violations, and/or had knowledge of their own or each others' treatment of Plaintiff and acquiesced and therefore are liable," for the conduct that allegedly occurred during his second arrest and confinement, Compl. (Dkt. 93) ¶ 89(c), and that he and two other named defendants all "showed a reckless and/ deliberate indifferent to Defendants' violations of Plaintiff's rights, caused the violations, and/or had knowledge of Defendants' treatment of Plaintiff and acquiesced and are therefore liable for their subordinates' misconduct" for the conduct that allegedly occurred during his first arrest and confinement, *id.* ¶ 91(c). But liability under 28 U.S.C. § 1983 must be premised on personal involvement, or at least that in his role as supervisor he knew about subordinates' misconduct and facilitated, approved, condoned, or turned a blind eye to it. "They must in other words act either knowingly or with deliberate, reckless indifference." *See Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003) (internal quotation marks and citations omitted). Merely incanting that standard by alleging "reckless indifference" without more does not plausibly suggest a basis of relief. *See Bell Atlantic*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation and alteration omitted). Nothing in the complaint plausibly suggests any personal involvement by Mr. O'Shea, or that he even knew about it but turned a blind eye, and therefore no basis for personal liability.

The amended complaint does not identify whether Mr. O'Shea is sued in his individual or official capacity claim. To the extent the plaintiff attempts to sue him in his official capacity, such a claim is foreclosed because as police chief, Mr. O'Shea is not a final decision-maker. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Garrison v. Burke*, 165 F.3d 565, 572 n.6 (7th Cir. 1999) ("Pursuant to Illinois statute, the Board of Police and Fire Commissioners are the ultimate arbiters of policy and discipline," citing 65 ILCS 5/10-2.1-17).

Accordingly, the motion to dismiss Mr. O'Shea is also granted.

## CONCLUSION

For the reasons given, and in the absence of opposition brief from the plaintiff, the motion to dismiss by defendants Rockford Police Department and Dan O'Shea [153] is granted. The Clerk is directed to terminate those defendants.

Date: September 1, 2021        By: _____
                                   Iain D. Johnston
                                   United States District Judge